## Magaw *et uxor versus* Stevenson.

1. A wife may bind her estate for her husband's debt, but cannot bind it to pay the expenses of collecting it.

2. Two returns, "*nihil,*" to monthly return days of different terms, are sufficient to entitle the plaintiff to judgment, on a *scire facias sur* mortgage.

ERROR to the District Court of *Allegheny county.*

The plaintiffs in error were defendants below.

The plaintiff below, Mrs. Elizabeth D. Stevenson, was the assignee of a mortgage given by defendants below, on the property of the wife, to secure the debt of the husband, in which was contained a proviso, that in case of a specified default, a *scire facias* might at once issue for the recovery of the whole debt due and to become due, and the costs of collection. The default occurred, suit was brought, and judgment taken by default, and liquidated by the Prothonotary, at the principal and interest, adding $250 for attorney's commissions. In the præcipe for the judgment, the attorney's commissions are put down at $250, upon which the Prothonotary based the liquidation. A *levari facias* was issued for the collection of the debt, and, before the return day, a motion was made to set aside the judgment; after argument of which, the court filed the following opinion:

"WILLIAMS, J.—Upon the argument of the rule taken by the defendants in this case, two questions were presented for the consideration of the court—

"1. Is the judgment regularly entered?

"2. Is the amount due properly liquidated?

"1. It is conceded that, if service of a *scire facias sur* mortgage cannot be made in the manner provided in the case of a summons, it may be returned '*nihil,*' and that, after two *nihils,* judgment may be taken, in default of an appearance by the de-

[Magaw et uxor *v.* Stevenson.]

fendant, if the writs have been made returnable to the regular return days of different terms. In this case, but one of the writs of *scire facias* was made returnable to the first day of the term—the others were made returnable to monthly return days—and, for this reason, the judgment is said to be irregularly entered, a term not having elapsed between the return of the first and last writ. But, under the law regulating the proceedings and practice in this court, is it necessary that a term should elapse between the return day of the original and alias writs of *scire facias*, and that they should be made returnable to the first day of the term, instead of the monthly return days, in order to authorize the entry of a judgment upon two *nihils*, in default of an appearance?

" The fourth section of the Act of 12th June, 1839, relating to the district court of this county, provides that ' All process issuing from this court, excepting summons in partition, may be made returnable to the first Monday of each and every month, instead of the first day of each and every term, at the option of the party taking out the same; and, by the express terms of the act, the party may, after such monthly returns, do all matters and things, in the prosecution of suits, that might be done if the said writs were returned on the first return day of any term of said court.' The plaintiff's right to take judgment, in default of an appearance and affidavit of defence, upon the return of ' *nihils*,' to the writs issued in this case, is clear and unquestionable. The Act of 4th April, 1798, which prescribes the manner of the service of a writ of *scire facias* to revive a judgment, has no application to a writ of *scire facias sur* mortgage.

" 2. Is the judgment properly liquidated?

" Under the rule of court providing for the liquidation of judgments by default, the prothonotary was authorized to liquidate the judgment, so far as respects the debt and interest due on the mortgage. Was he authorized to liquidate the amount of the attorney's commissions for collecting the mortgage debt? If the plaintiff had filed an affidavit with the præcipe for the writ, stating the amount of the same, we should not be disposed to disturb the liquidation. It is true the defendants have stipulated ' to pay all costs, charges and expenses which the mortgagee may be put to, in collecting the mortgage debt and its interest, in case of a default in the payment thereof, when due.' But the amount of the costs, charges, and expenses of collection, cannot be ascertained from the mortgage, or any paper filed in the case. In the præcipe for the judgment, the attorney's commissions are put down at $250, but the direction to liquidate at that amount, is not sufficient to bring the case within the rule, authorizing the Prothonotary to liquidate judgments by default. The liquidation

[Magaw et uxor *v.* Stevenson.]

must therefore be amended by deducting the item of $250 for attorney's commissions,—or the plaintiff must stay proceedings on the *lavari facias*, until the amount has been ascertained by jury upon a writ of inquiry, or upon an order of the court in the nature of a writ of inquiry, under the provisions of the Act of 22d May, 1722, sec. 27.

"Plaintiff has her election either to amend the liquidation by deducting the item of attorney's commissions from the amount of the judgment,—or to have the liquidation set aside, and the damages assessed by a jury in one of the modes above indicated."

The liquidation was set aside, and a writ of inquiry issued, which was executed, and the damages assessed at $6287, upon which the court entered judgment of which plaintiffs in error complain.

————, for plaintiffs in error contend :

1. That the mortgage is not so executed as to be valid.
2. That it is not such a contract as a married woman can make.
3. That the liquidation is erroneous.

*Sweitzer*, for defendant in error, referred to *Miner* v. *Graham ; Shinn* v. *Holmes ; Galway* v. *Black,* Sup. Ct., (not reported;) *Wilson* v. *The Harrisburg Bank ; Jameison* v. *Jameison,* 3 Wh. 457 ; *Sheidle* v. *Washlee,* 4 H. 134 ; *Loudon* v. *Blythe,* Ib. 532 ; *Wilson* v. *M'Cullough,* 7 H. 77 ; *Evans* v. *Meylert,* Ib. 402 ; Acts of 1705 and 1798; *Warder* v. *Tainter,* 4 Watts, 274 ; *Barcock* v. *Thompson,* Sty. 281–288 ; *Bromley* v. *Littleton,* Yelv. 113 ; *Barret* v. *Cleydon,* Dyer, 168, a ; *Rex* v. *Easton,* Ib. 198, a ; *Chevin and Parmour's case,* Ib. 201, a ; Yelv. 112, 113 ; Tidd's Prac. 1039, 1141 ; *Comphor* v. *Anawalt,* 2 Watts, 492 ; Act 13th June, 1836, Dunlop, 659 ; Act 12th June, 1839, Dunlop, 774 ; *Chambers* v. *Carson,* 2 Wh. 9, 562; *Parks's Executors* v. *Leonard,* 296, Nov. Term, 1850, Dist. Ct. Allegheny county ; 77 Rule of Court ; *Huling* v. *Drexel,* 7 Watts, 129 ; 1 Wh. 360, 361; 2 T. & H. 361 ; 2 Archb. 31, 267.

The opinion of the court was delivered February 5, 1856, by

LOWRIE, J.—We think this is a valid mortgage of the land of Mrs. Magaw. It was properly acknowledged, and it is not affected by the fact that she joined her husband in the bond which it was intended to secure.

There is a proviso in the mortgage, but nothing similar in the bond, that in case of a specified default, the plaintiff shall have a *scire facias*, not only for the sum due, but also for the recovery of the expense of collecting the same ; and it is objected that a married woman could not make such a contract, and so it seems to us. This is not pledging her property for her husband's debt,

(which is bad enough, for it is almost always fatal,) because he is not at all bound for it, but only her land. It is her contract with his consent that, if he does not pay a certain debt, that debt and more shall be levied out of her land. It is giving security for more than the amount due. The judgment ought to have been limited to the debt and interest of the bond.

The service of the *scire facias* was made by three *nihils*, on the first and fourth Mondays of January, and first Monday of February. The third was useless, for the others were made to regular return days in different terms, and that is all the law requires.

There was no error except in adding the expenses of collection; and that we correct.

The judgment of the District Court reversed, and judgment is now here entered in favor of the plaintiff for the sum of six thousand two hundred dollars, with interest from the first day of July, 1855, and costs, and the record is remitted.